## Richmond

AMERICAN TRADING AND PRODUCTION CORPORATION, ET AL. v. BOARD OF SUPERVISORS OF FAIRFAX COUNTY, ET AL.

October 11, 1971.

Record No. 7600.

Present, All the Justices.

*Stephen L. Best* (*McCandlish, Lillard & Marsh,* on brief), for appellants.

*Donald C. Stevens, County Attorney for Fairfax County,* for appellees.

GORDON, J., delivered the opinion of the court.

The question before us is whether the trial court correctly held that the appellants must pay Fairfax County a sewerage use charge called an "availability" charge.

Appellants American Trading and Production Corporation and Woodlake Towers, Inc. (collectively, the "Owner") own the parcel of land in Fairfax County shown on the following sketch:[1]

---

[1] The Owner also owns the triangular parcel in Arlington County shown on the sketch.

In this opinion, we do not differentiate between what is owned and has been done by American Trading and Production Corporation and what is owned and has been done by its wholly-owned subsidiary, Woodlake Towers, Inc.

Opinion.

Desiring sewerage facilities for an apartment building to be built on that parcel, the Owner sought permission to connect its sewerage line with Arlington County's Four Mile Run Trunk Sewer.

Fairfax County operates and maintains a sewerage system, but it was more practicable for the Owner to connect its line with the Arlington County system as permitted by an agreement made between Fairfax and Arlington Counties. That agreement provided for the furnishing of sewerage services by Arlington County to Fairfax property owners located outside the area served by the Fairfax County system, subject in each case to approval by the Sanitary Engineer of each County of the application for service and the plans and specifications for the installation of sewer lines.

After receiving the necessary approvals, the Owner built the T-shaped apartment building and the sewerage line shown on the sketch. The Owner then ran connection lines from the building to segment A of the sewerage line shown on the sketch. As required by Fairfax County, the Owner conveyed segment A to that County.

Fairfax County contended that the Owner must pay an availability charge pursuant to Article IV of the Fairfax County Code, and the Owner brought this suit for a declaratory judgment asking the Court to determine whether it owed an availability charge. Article IV, entitled "Connection and Use Charges", provides:[2]

"Sec. 22-22. Generally.

"All owners of premises who have connected or who shall hereafter connect the sewerage facilities of such premises to the facilities of the county shall pay for the use of the same as established in this article.

"Sec. 22-23. Use charges.

"The following charges are hereby established for *the use of the comprehensive county integrated sewerage system* [emphasis supplied]:
"* * *" [The omitted portions of the section prescribe the amounts of the two use charges exacted thereunder, the availability charge and the service charge.][3]

The trial judge held that since segment A of the sewerage line had been conveyed to Fairfax County and the sewerage lines of the apartment building had been connected to that segment, the Owner had connected "the sewerage facilities of such premises to the facilities of the county" within the meaning of § 22-22. He also held that "one who uses 'the facilities of the county' is at the same time using the 'comprehensive county integrated sewerage system' " within the meaning of § 22-23. He therefore adjudged that the Owner must pay the availability charge prescribed under § 22-23.

The Owner contends that the trial judge erred in holding §§ 22-22 and 22-23 applicable. The Owner also contends that the Virginia statutes do not authorize Fairfax County to exact an availability charge in this case.

---

[2] All references are to the Fairfax County Code introduced in evidence, without regard to any subsequent amendments.

[3] The Owner paid the service charge without protest.

Section 22-24 of the Fairfax County Code prescribes a charge "for connection with the comprehensive county integrated sewerage system". Fairfax County has not contended, however, that the Owner must pay the connection charge.

Assuming for the sake of argument that segment A of the sewerage line constitutes "facilities of the county" within the meaning of § 22-22, we hold that the Owner is not using the "comprehensive county [Fairfax County] integrated sewerage system", as required by § 22-23. We therefore decide the case on that basis, without deciding the other questions.

We agree that Fairfax County has arranged for sewerage service to properties within the County not only by operating and maintaining its sewerage system within the County, but also by contracting for the use of the Arlington County system. But the agreement between Fairfax and Arlington Counties, which provides for use of the Arlington County system and payments by Fairfax County to Arlington County for such use, confirms that each County will acquire title to and will operate and maintain all sewer lines installed within that County.

The record does not show that the comprehensive sewerage systems of Fairfax and Arlington Counties are physically connected. Rather, the record indicates that each comprehensive system is independent of and not connected with the other system.

Accordingly, we have concluded that segment A of the sewerage line cannot be part of the Fairfax County "integrated" system as required by § 22-23, even though segment A is owned by Fairfax County and connected through segment B of the sewerage line with the Arlington County sewerage system. (See the sketch reproduced above.) "Integrated" means "composed of separate parts united together to form a more complete, harmonious, or coordinated entity". *Webster's Third New International Dictionary* 1174 (1967). Segment A can be deemed "integrated" with the Arlington County comprehensive system, but it cannot be deemed "integrated" with the Fairfax County comprehensive system.

Because the Owner does not use the Fairfax County comprehensive integrated sewerage system referred to in § 22-23, it does not owe the availability charge exacted under that section. We therefore reverse the decree appealed from and enter final decree for the Owner.

*Reversed and final decree.*